IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LEVONTAY CONNER                                                                                  PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 5:05cv79-JCS

VIRGINIA SLACK, ET AL.                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court *sua sponte*. The Court has held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any an all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. 636(c); Fed. R. Civ. P. 73. Conner is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915. For the reasons discussed in this opinion, the Court finds that the Plaintiff's claims against Defendants Epps and Waller should be dismissed. Plaintiff's claims against the remaining Defendants should be dismissed, with the exception of his due process claims, which are addressed more fully in this opinion.

## I. PLAINTIFF'S CLAIMS

At the time of the incidents which form the basis of this lawsuit, the Plaintiff was a convicted inmate incarcerated at the Wilkinson County Correctional Facility ("WCCF"), a private correctional facility housing state inmates and located in Woodville, Mississippi. The Defendants are Christopher Epps, Commissioner of the Mississippi Department of Corrections ("MDOC"), and employees of WCCF, as follows: Virginia Slack, officer; Gabriel Walker, officer; Dolan Waller,

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

warden; Connie Gains, officer; and T. Lindsey, hearing officer. Plaintiff filed this § 1983 action claiming that the Defendants violated his constitutional rights. More specifically, Plaintiff alleges that the Defendants violated his rights when they assessed against his inmate bank account $2,396 in charges for a visit to a local hospital's emergency room against his will. He further alleges that his due process rights were violated during the hearing related to an RVR issued against him after he consumed prescription medication which necessitated his visit to the local hospital's emergency room. He seeks expungement of several RVRs from his records, compensatory damages for the "hold" placed on his account by the $2,396 hospital visit charge and for the depression and anxiety his account's status has caused him, as well as punitive damages.

## II. DISCUSSION

### A. OFFICIAL CAPACITY CLAIMS

The Plaintiff has failed to allege, either in his complaint or at the omnibus hearing, the existence of an official custom, practice, or policy implemented by the Wilkinson County Correctional Facility and Christopher Epps which allegedly caused a deprivation of his constitutional rights. Accordingly, the Plaintiffs' claims against these Defendants in their official capacities are dismissed. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

### B. INDIVIDUAL CAPACITY CLAIMS

Plaintiff testified at the Omnibus hearing that he has sued Epps because he is over the ARP system and Waller because he was head of the prison at the time of the events forming the basis of the suit. Because the actions of these employees cannot be imputed to Epps and Waller under the doctrine of *respondeat superior*, Plaintiff's claims against Epps and Waller in their individual capacity cannot stand. Jolly v. Klein, 923 F.Supp. 931, 943 (S.D. Tex. 1996). Further, "under §

1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability." Id.

Plaintiff's claims against the remaining defendants fail to rise to the level of a constitutional violation. At the Omnibus Hearing, Plaintiff complained of the "hold" placed on his inmate account and that he feared that money would be taken out of his account to pay for the charges incurred during his hospital visit. He admitted, however, that no money has been withdrawn from his inmate account to pay for these charges, and that, although there have been no deposits made to his account since that time, that the facility has not withdrawn money from any deposits to pay for the hospital charges. Therefore, he has suffered no injury, and this Court is unable to offer prospective injunctive relief in this case. Accordingly, because he has suffered no actual injury in that no money has been withdrawn from his account to pay for these charges, this claim fails to rise to the level of a constitutional violation and must be dismissed. See Lewis v. Casey, 518 U.S. 343, 351 (1996)(finding that an actual injury is required to state a constitutional claim).

Moreover, it appears that the assessment of charges against his inmate account for the emergency room visit does not rise to the level of a constitutional violation. "Nothing in the deliberate indifference standard guarantees inmates the right to be entirely free from cost considerations relevant to medical decisions. It is only when medical care is denied to inmates because of their inability to pay that deliberate indifference is implicated." Piper v. Alford, 2003 WL 21350215 at 3 (N.D. Tex. 2003)(citations omitted). He does not allege that he has been denied medical services since that time because of any inability to pay minimum fees or "co-pays" for medical visits as mandated by state law. Accordingly, this claim fails to rise to the level of a constitutional violation.

Finally, it appears that the Plaintiff's due process violations fail to rise to the level of a constitutional violation.  Plaintiff's due process allegations are vague and should be dismissed without prejudice.  He makes no specific allegations against the defendants with regard to his due process claims. Vague, conclusory allegations by the plaintiff do not meet the standard required to state a claim under 42 U.S.C. § 1983.  See Mills v. Criminal District Court #3, 837 F.2d 677, 678 (5th Cir. 1988).  In an abundance of caution, however, by separate order the Court has granted the Plaintiff's motion for an extension of time to amend and will allow him until July 5, 2006, to file an amended complaint as it relates to his claims of due process violations.   Should the Plaintiff fail to file an amended complaint to state a constitutional claim with regard to his due process allegations by that date or fail to respond to that Order, the Plaintiff's case will be dismissed.

### III. CONCLUSION

For the reasons discussed in this opinion, the Court finds that the Plaintiff's claims against Epps and Waller should be dismissed with prejudice.  Plaintiff's claims against the remaining Defendants should be dismissed with prejudice, with the exception of the due process claims. Plaintiff, by separate order, has been given until July 5, 2006, to file an amended complaint stating more specifically his due process claims.  Should Plaintiff fail to respond to the Order or file an amended complaint which states a constitutional claim for due process violations by July 5, 2006, judgment will be entered in favor of the Defendants.

SO ORDERED, this the ___13___ day of June, 2006.

                                           _s/ James C. Sumner_____
                                              UNITED STATES MAGISTRATE JUDGE