IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LEVONTAY CONNER                                                                                   PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 5:05cv79-JCS

VIRGINIA SLACK, ET AL.                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court *sua sponte*. The Court has held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any an all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. 636(c); Fed. R. Civ. P. 73. Conner is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915. In a Memorandum Opinion and Order entered June 13, 2006, the Court dismissed all of the Plaintiff's claims except for those sounding in due process. At that time, the Court found that the Plaintiff's due process claims were vague, but in an abundance of the caution, the Court gave the Plaintiff leave to amend his complaint to cure the defects in his due process claims. The Plaintiff has amended his complaint, and the Court now evaluates those claims pursuant to 18 U.S.C. § 1915(e)(2).

## I. PLAINTIFF'S CLAIMS

At the time of the incidents which form the basis of this lawsuit, the Plaintiff was a convicted inmate incarcerated at the Wilkinson County Correctional Facility ("WCCF"), a private correctional facility housing state inmates and located in Woodville, Mississippi. The remaining Defendants are

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

employees of WCCF, as follows: Virginia Slack, officer; Connie Gains, officer; and T. Lindsey, hearing officer. In his amended complaint, the Plaintiff makes specific allegations against these three defendants. His allegations stem from an incident in which he threatened to commit suicide and subsequently took unspecified amounts of a prescription drug, described by the Plaintiff as "psychotropic medication." He alleges that Defendant Slack violated his due process rights when she failed to follow Mississippi Department of Corrections ("M.D.O.C.") procedures regarding suicide prevention in that she failed to place him on suicide watch when he threatened suicide. He also complains that she made insensitive remarks to his situation. He alleges that she violated his due process rights when she took him to the hospital after he took the drugs, even after he expressed his desire to refuse medical treatment. Plaintiff alleges that Defendant Gains violated his due process rights by authoring the R.V.R. related to this incident because, he alleges, she had no actual knowledge of the incident. Furthermore, he takes issue with Gains's characterization of the incident as a violation of the rule against "self mutilation" rather than a violation of the rule against "unauthorized use of prescription medication." Finally, the Plaintiff alleges that Lindsey violated his due process rights when, as the presiding hearing officer regarding this incident, she held the hearing 38 days after the incident, rather than within seven (7) days as prescribed by the M.D.O.C. inmate handbook. Furthermore, he alleges that Lindsey violated his due process rights when she held a hearing on several of his R.V.R.'s at one time, rather than holding individual hearings on each R.V.R. He also makes allegations concerning the subsequent charges to his inmate account for medical care administered to him, but the Court has previously dismissed any claims related to these allegations.

## II. DISCUSSION

In its evaluation of these claims, the Court is informed by the recent opinion of this Court in Boyd v. Epps, 2006 WL15477360, Civil Action No. 4:06cv34-TSL-JCS. In that case, filed by a prisoner and brought pursuant to 42 U.S.C. § 1983, Judge Lee reiterated the due process standard which applies to prisoners, as follows:

> To invoke the protections of the due process clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Id.

The Court first addresses the Plaintiff's claims against Defendant Slack. As stated above, Plaintiff alleges that Slack violated his due process rights when she failed to follow M.D.O.C. procedures regarding an inmate's threats of suicide, when she made insensitive remarks to him, and when she ensured that he received medical treatment after he had taken the drugs. These allegations fail to rise to the level of any due process or, in general, any constitutional violation. The Fifth Circuit's case law is clear "that a prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). The Court is confident that the health and safety of inmates, not due process considerations, were the State's foremost consideration when it established the alleged policy regarding threats of suicide. Further, "[i]t is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(citing Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). Thus, Slack's alleged comments to the Plaintiff are not actionable. Finally, Defendant Slack did not violate Conner's due process rights when she

had him transported to the hospital for emergency care.

The Court also finds that the Plaintiff's claims against Gains and Lindsey fail to rise to the level of a due process violation. Plaintiff does not complain of any subsequent disciplinary action as a result of this incident other than an assessment of fees for the emergency care administered. The Court has previously dismissed any claims resulting from the fee assessment for medical care. Gains's and Lindsey's respective responses to the incident and subsequent disciplinary actions, even if the disciplinary actions did not closely adhere to Plaintiff's interpretation of prisoner procedures, did not impose "atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Therefore, these claims should be dismissed.

### III. CONCLUSION

For the reasons discussed in this opinion, the Court finds that the Plaintiff's alleged due process claims fail to rise to the level of a constitutional violation. Accordingly, these claims will be dismissed with prejudice. Moreover, a final judgment will be entered in favor of the Defendants, and this entire case will be dismissed with prejudice as frivolous.[2] Fed. R. Civ. P. 58.

SO ORDERED, this the   20    day of October, 2006.

           s/ James C. Sumner
           UNITED STATES MAGISTRATE JUDGE

---

[2] The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).